UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| IN RE:<br>MARIA L. ALCAUTER<br><br>134 HILL TOP DR.<br>LAKE IN THE HILLS, IL 60156 | )<br>)<br>)<br>)<br>)<br>) | CASE NO. 19-80362 |
| Debtor(s) | )<br>) | Judge: Thomas Lynch |

### NOTICE OF MOTION AND CERTIFICATE OF SERVICE

SPEEDY RAPID CASH
PO BOX 780408

WICHITA KS 67278-

SPEEDY RAPID CASH
PO BOX 780408

WICHITA KS 67278-

You are hereby notified that the above objection has been set for hearing before the **U.S. Bankruptcy Court, Room 3100, Stanley J. Roszkowski U.S. Courthouse, 327 South Church Street, Rockford, Illinois 61101** at the following date and time:

**JUNE 13, 2019  8:45 A.M.**

You may appear at the stated time and place and offer evidence in support of or in opposition to such objection. If you fail to appear, the allegations of said objection may be taken as true and an Order entered accordingly.

### Certificate of Mailing

The undersigned certifies that a copy of this objection, notice and order were mailed to the Debtor(s) at the address on file with the Trustee's office, the creditor listed above in envelopes addressed as indicated bearing first class postage on the 8th day of MAY, 2019. I further certify that a copy was served on the Debtor(s)' attorney via electronic notification that occurs automatically upon the filing of said objection. The creditor's copies of this Notice and the envelopes addressed to all creditors' addresses were mailed to the attention of an officer, a managing or general agent or agent authorized by law to receive service of process.

/s/Susan K. Jones
For Lydia S. Meyer, Trustee

---

### OBJECTION TO COURT CLAIM #9

Now comes Lydia S. Meyer, Chapter 13 Trustee, and objects to the claim of SPEEDY RAPID CASH and in support thereof, states the following:

1. The bar date for non-governmental creditors to file claims was 5/2/2019.
2. SPEEDY RAPID CASH filed a claim on 5/8/2019 (#9 on PACER) in the amount of $1092.88; the claim was filed after the claims bar date.
3. Pursuant to §502(b)(9) if an objection is made to a claim that was filed after the applicable bar date it must be disallowed as not timely filed.

WHEREFORE, the Trustee prays that said late filed claim of SPEEDY RAPID CASH be disallowed, and for such other and further relief as this court deems proper.

Respectfully Submitted:

/s/ Lydia S. Meyer
Lydia S. Meyer. Trustee
P.O. Box 14127
Rockford, IL 61105-4127

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1   Maria Alcauter | |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court   Northern District of Illinois | |
| Case number:   19-80362 | |

FILED
U.S. Bankruptcy Court
Northern District of Illinois

5/8/2019

Jeffrey P. Allsteadt, Clerk

## Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
SpeedyRapid Cash
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
SpeedyRapid Cash
Name
P.O. Box 780408
wichita, KS 67278

Contact phone   877-901-3344
Contact email   bankruptcy@speedyinc.com

Where should payments to the creditor be sent? (if different)

Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410   Proof of Claim   page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 2325 |
| 7. How much is the claim? | $ 1092.88 | Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>money loan | |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe:<br><br>**Basis for perfection:**<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $<br>**Amount of the claim that is secured:** $<br>**Amount of the claim that is unsecured:** $ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $<br><br>**Annual Interest Rate** (when case was filed) ____%<br>☐ Fixed<br>☐ Variable | |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ | |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: | |

Official Form 410　　　　Proof of Claim　　　　page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    5/8/2019
                    MM / DD / YYYY

/s/ Starland Rivera
Signature

Print the name of the person who is completing and signing this claim:

Name         Starland Rivera
             First name    Middle name    Last name

Title        Bankruptcy Specialist

Company      Speedy/Rapid Cash
             Identify the corporate servicer as the company if the authorized agent is a servicer

Address      P.O. Box 780408
             Number  Street
             WICHITA, KS 67278
             City  State  ZIP Code

Contact phone  877.901.3344    Email  bankruptcy@speedyinc.com

# SPEEDY CASH
## PAYDAY INSTALLMENT LOAN PROMISSORY NOTE

Customer Name: MARIA ALCAUTER
Customer Address: 134 HILLTOP DR
LAKE IN THE HILLS IL 60156

Lender Name: SPEEDY CASH ILLINOIS, INC.
Lender Address: 1931 N. MANNHEIM RD.
MELROSE PARK, IL 60160
(708) 681-6253

Agreement Date: 07 Feb 2019

Loan Principal: $900.00

This is our Agreement with you regarding your Loan with us. It contains important terms and conditions affecting your Loan. **You should read this Agreement carefully before you sign it.**

### Federal Truth-in-Lending Act Disclosures

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 371.641% | $1,031.50 | $899.00 | $1,930.50 |

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 11 | $160.88 | Every Other Thursday, beginning 21 Feb 2019 |
| 1 | $160.82 | 25 Jul 2019 |

**Security:** You are giving a security interest in any Optional Loan Payment Authorization.

**Prepayment:** If you pay off early, you may be entitled to a partial refund of the finance charge. A prepayment penalty/charge will not be imposed for payment of all or part of the principal balance before the date on which the principal is due.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds.

ITEMIZATION OF AMOUNT FINANCED OF   $899.00

Amount Paid Directly To You.................................... $899.00
Amount Paid On Your Account.................................. $0.00
Amount Paid To Others on Your Behalf..................... $0.00
Loan Origination Fee (prepaid finance charge)........... $1.00


*132901461.105*

ILPME0020180522   1 of 7   07 Feb 2019   Loan # 38552323

## Terms and Conditions

**Definitions:** Certain words used in this Agreement have special meanings. The word **"Agreement"** means this Payday Installment Loan Promissory Note, which includes the Federal Truth-in-Lending Act Disclosures, our Privacy Policy, and the Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver. The words **"you"** and **"your"** mean the person signing this Agreement as borrower. The words **"we," "us,"** and **"our"** mean the Lender identified at the beginning of this Agreement doing business as Speedy Cash, inclusive of Lender's agents, successors and lawful assigns. The word **"Loan"** means the installment loan that is described and governed by this Agreement. The boxed-in disclosures above are part of the terms and conditions of this Agreement.

**Promise to Pay:** You promise to pay us the **"Total of Payments"** set forth in the box above, which includes a Finance Charge, the database verification fee as more particularly set forth in the section entitled "Database Fee" below, and other fees and charges as provided in this Agreement.

**Cancellation, Prepayment Thereafter, and Payment in Full:** You may prepay in whole or in partial $5.00 increments at any time without penalty. You may cancel future payment obligations and we will rebate finance charges we have earned, in accordance with Illinois law, no later than the end of the second business day immediately following the day on which you sign below ("cancellation period"), less the $1.00 fee to access the state database described below. To cancel, you agree to inform us in writing that you want to cancel and to return the cash in an amount equal to the principal amount of the Loan by the end of the cancellation period. If you prepay your Loan in full after the cancellation period, you will not be entitled to a rebate of any portion of the Finance Charge. Any partial payments you make will be applied first to fees and costs, then to Finance Charges, then to principal.

**Payments:** You agree to pay to us principal and interest in accordance with the Payment Schedule shown above without prior demand, notice or claim of set off. All payments will be applied in the following order: (i) uncollected fees, (ii) default fees, (iii) late charges, (iv) accrued interest, then (v) principal.

**Scheduled Payment Amounts:** The Payment Schedule above assumes your on time payment. If you are late making a payment, the amount of your last payment may be greater than disclosed in the Payment Schedule. Likewise, if a payment is late, the amount you pay may be greater than the Finance Charge and Total of Payments disclosed above. Interest continues to accrue on the delinquent portion of any scheduled payment until the payment is made in full.

**Database Fee:** We charge $1.00 to access and report to the State-mandated Veritec database. The fee will be treated as a Finance Charge and is disclosed above as the Loan Origination Fee (prepaid finance charge). This fee is not refundable upon prepayment or cancellation.

**Federal Disclosure of the Optional Loan Payment Authorization as Security:** Pursuant to Comment 2(a)(25) of the Official Staff Commentary to Regulation Z § 1026.2, we have disclosed to you that our interest in any Optional Loan Payment Authorization you have elected to provide is a security interest for Federal Truth-In-Lending Act purposes only, because federal and state law do not clearly address whether our interest in any Optional Loan Payment Authorization you elected to provide is a "security interest." The Federal Truth-In-Lending disclosures, however, are not intended to create a security interest under state law.

**Voluntary Authorizations:** If so indicated by your signature on the accompanying Optional Loan Payment Authorization, you authorize and direct us to process your proceeds and payments electronically as Electronic Funds Transfers and if you provide us with a Card or Bank Account (as those terms are defined in the accompanying Optional Loan Payment Authorization), you agree to the Authorizations as set forth therein.

**Default:** You will be in default if you fail to make a required payment as required by this Agreement. If you are in default, you may be entitled to receive notice of the default and you may have the right to cure the default. If you default, we may exercise any right or remedy allowed by law and this Agreement.

**Our Rights Upon Default:** If you are in default beyond any applicable cure period, you agree that we may take any of the following actions to the extent allowed by applicable law: (1) we may accelerate the maturity of the Loan and all other amounts due to us and demand immediate payment of the same; (2) we may continue to charge you interest on any unpaid amounts at the rate provided in this Agreement; (3) we, and our successor and assigns, are continued to be authorized to collect the amount you owe us; (4) we may collect a $25 fee for each payment returned unpaid; and (5) we may exercise any other rights or remedies allowed by this Agreement or at law.

**Authorization for Autodialed Calls, Text Messages, Prerecorded Messages and Emails:** You authorize us and our agents, representatives and servicers (collectively, the "Messaging Parties") to contact you using automatic telephone dialing systems, artificial or prerecorded voice message systems, text messaging systems and automated email systems in order to provide you with information about this Agreement, including information about upcoming payment due dates, missed payments and returned payments. You authorize the Messaging Parties to make such contacts using any telephone numbers (including wireless, landline and VOIP numbers) or email addresses you supply to the Messaging Parties in connection with this Agreement, the servicing and/or collection of amounts you owe or any other matter. You agree that such calls and messages will not be unsolicited for purposes of state and federal law. You understand that anyone with access to your telephone or email account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that, when you receive a telephone call, text message or email, you may incur a charge from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will

have no liability for such charges. You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. To the extent you have the right to revoke your authorization to autodialed calls and texts to your mobile phone under applicable law, you may only exercise this right by calling us at 800-856-2911.

**Credit Reporting:** You agree that we may make inquiries concerning your credit history and standing and obtain credit reports on you for as long as any transaction with us remains outstanding. We may report information about any Loan with us to credit bureaus. **We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.** If you believe that any information about your transaction that we have furnished to a consumer reporting agency is inaccurate, or if you believe that you have been the victim of identity theft in connection with any transaction made by us, write to us at P.O. Box 780408, attention General Counsel, Wichita, KS 67278. In your letter (i) provide your name and transaction number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.

**Notices:** We meet all requirements for sending you a notice of any kind if we send it to you by means of United States mail at your last given address, or by email to any email address that you have provided to us.

**Other Terms:** This Agreement will be binding upon you, your heirs and assigns; however, you may not assign your obligations under this Agreement without our prior written consent. We may, from time to time, delay or refrain from enforcing any of our rights under this Agreement and we will not lose any of our rights by doing so.

**Limitation on Damages:** In the event of any dispute, claim or other controversy relating to this Agreement or any party's actions or inactions relating in any respect to this Agreement, and whether the underlying dispute, claim or controversy is based on contract law, tort law or any other law or theory of liability, you and we agree that, to the maximum extent permitted by law, neither you nor we shall be entitled to recover punitive damages.

**Privacy Policy:** Our complete privacy policy statement is available on our website www.speedycash.com or ask for a copy from any Customer Advocate in our offices. You may contact Customer Service and we will mail or email a current copy of our Privacy Policy to you. You acknowledge that you have received a copy of our Privacy Policy on this date or within the past twelve (12) months.

**Bankruptcy:** You represent that you are not currently a debtor in any bankruptcy proceeding and that you have no intention of filing bankruptcy under any chapter of the United States Bankruptcy Code during the term of this transaction or within 90 days following the completion of this transaction. Any notice(s) of any future bankruptcy petition and all subsequent filings, motions, orders or correspondence shall be mailed or sent by express courier to: SRC Customer Service, Attn: Bankruptcy Department, P.O. Box 780408, Wichita, Kansas 67278. You agree any written or oral communication concerning a bankruptcy with the lender's local office, identified above, is null and void and of no effect.

**Interstate Commerce:** You and we agree that the transaction represented by this Agreement involves interstate commerce for all purposes.

**Agreements for Resolving Disputes; Governing Law:** You agree to the "Agreements for Resolving Disputes" set forth below. Except as otherwise provided in the "Agreements for Resolving Disputes," this Agreement will be governed and construed in accordance with Illinois law, without regard to its conflict of laws rules, and all claims relating to or arising out of this Agreement, or the breach thereof, whether sounding in contract, tort or otherwise, shall likewise be governed by the laws of Illinois, excluding its choice-of-law principles. If any part of this Agreement is found to be unenforceable, that part will be deemed severed from the Agreement and the remaining provisions will be enforced to the fullest extent allowed by law.

## AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS

The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.

For purposes of this Agreement, our "related parties" include all parent companies, subsidiaries and affiliates of ours (including Ad Astra Recovery Services, Inc.), and our and their employees, directors, officers, shareholders, governors, managers and members, and successors and assigns. Our "related parties" also include third parties that you bring a Claim against at the same time you bring a Claim against us or any other related party. All of the foregoing, including related parties, are collectively referred to herein as "we," "us," or "our".

The term "Claim" means any past, present or future claim, dispute or controversy between you and us (or our related parties) that arises from or relates in any way to this Agreement or any services you request or we provide under this Agreement ("Services"); any of our or our related parties' marketing, advertising, solicitations and conduct relating to your request for Services; our or our related parties' collection of any amounts you owe; or our or our related parties' disclosure of or failure to protect any information about you. "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims, and claims based on any constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, torts, negligence, fraud or other intentional wrongs) and equity. It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief.

Notwithstanding the foregoing, "Claim" does not include any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court. In addition, except as set forth in the immediately following sentence, "Claim" does not include disputes about the validity, enforceability, coverage or scope of the Arbitration Provision or any part thereof (including, without limitation, Sections 5(C), (D) and/or (E) of the Arbitration Provision (the "Class Action and Multi-Party Claim Waiver"), Sections 10(A) and 10(B) of the Arbitration Provision and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide. "Claim" also does not include any "self-help remedy" (that is, any steps taken to enforce rights without a determination by a court or arbitrator, for example, repossession and/or re-titling of a motor vehicle) or any individual action by you or us to prevent the other party from using any self-help remedy, so long as such self-help remedy or individual judicial action does not involve a request for monetary relief of any kind.

"Proceeding" means any judicial or arbitration proceeding regarding any Claim. "Complaining Party" means the party who threatens or asserts a Claim in any Proceeding and "Defending Party" means the party who is a subject of any threatened or actual Claim. "Claim Notice" means written notice of a Claim from a Complaining Party to a Defending Party.

## PRE-DISPUTE RESOLUTION PROCEDURE

Before a Complaining Party asserts a Claim in any Proceeding (including as an individual litigant or as a member or representative of any class or proposed class), the Complaining Party shall give the Defending Party: (1) a Claim Notice providing at least 30 days' written notice of the Claim and explaining in reasonable detail the nature of the Claim and any supporting facts; and (2) a reasonable good faith opportunity to resolve the Claim on an individual basis without the necessity of a Proceeding. If you are the Complaining Party, you must send the Claim Notice to CURO Management, LLC, Attn: Legal Department, 3527 North Ridge Road, Wichita, Kansas 67205 (or such other address as we shall subsequently provide to you). If you are the Defending Party, we will send the Claim Notice to you at your address appearing in our records or, if you are represented by an attorney, to your attorney at his or her office address. If the Complaining Party and the Defending Party do not reach an agreement to resolve the Claim within 30 days after the Claim Notice is received, the Complaining Party may commence a Proceeding, subject to the terms of the Arbitration Provision. Neither the Complaining Party nor the Defending Party shall disclose in any Proceeding the amount of any settlement demand made by the Complaining Party or any settlement offer made by the Defending Party until after the arbitrator or court determines the amount, if any, to which the Complaining Party is entitled (before the application of Section 7 of the Arbitration Provision). No settlement demand or settlement offer may be used in any Proceeding as evidence or as an admission of any liability or damages.

## ARBITRATION PROVISION

**VERY IMPORTANT. READ THIS ARBITRATION PROVISION CAREFULLY. IT SETS FORTH WHEN AND HOW CLAIMS (AS DEFINED ABOVE UNDER THE CAPTION "AGREEMENTS FOR RESOLVING DISPUTES; CERTAIN DEFINITIONS") WILL BE ARBITRATED INSTEAD OF LITIGATED IN COURT. IF YOU DON'T REJECT THIS ARBITRATION PROVISION IN ACCORDANCE WITH SECTION 1 BELOW, UNLESS PROHIBITED BY APPLICABLE LAW, IT WILL HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM.**

Unless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions:

**1. RIGHT TO REJECT ARBITRATION.** If you do not want this Arbitration Provision to apply, you may reject it within 30 days after the date of this Agreement by delivering to us at CURO Management, LLC, Attn: Legal Department, 3527 North Ridge Road, Wichita, Kansas 67205, a written rejection notice which: (a) provides your name and address and the date of this Agreement; and (b) states that you are rejecting the Arbitration Provision in the Agreement. If you want proof of the date of such a notice, you should send the rejection notice by "certified mail, return receipt requested." If you use such a method, we will reimburse you for the postage upon your request. Nobody else can reject arbitration for you (except an attorney at law you have personally retained); this is the only way you can reject arbitration. Your rejection of arbitration will not affect your right to Services or the terms of this Agreement (other than this Arbitration Provision).

**2. ARBITRATION ELECTION.** A Proceeding may be commenced after the Complaining Party complies with the Pre-Dispute Resolution Procedure. The Complaining Party may commence the Proceeding either as a lawsuit or an arbitration by following the appropriate filing procedures for the court or the arbitration administrator selected by the Complaining Party in accordance with this Section 2. If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of the Claim(s) asserted in the lawsuit. A demand to arbitrate a Claim may be given in papers or motions in a lawsuit. If you demand that we arbitrate a Claim initially brought against you in a lawsuit, your demand will constitute your consent to arbitrate the Claim with the administrator of our choice, even if the administrator we choose does not typically handle arbitration proceedings initiated against consumers. Any arbitration Proceeding shall be conducted pursuant to this Arbitration Provision and the applicable rules of the arbitration administrator in effect at the time the arbitration is commenced. The arbitration administrator will be the American

Arbitration Association ("AAA"), 120 Broadway, Floor 21, New York, N.Y. 10271, www.adr.org.; JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org; or any other company selected by mutual agreement of the parties. If both AAA and JAMS cannot or will not serve and the parties are unable to select an arbitration administrator by mutual consent, the administrator will be selected by a court with jurisdiction. Notwithstanding any language in this Arbitration Provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any arbitration administrator that has in place a formal or informal policy that is inconsistent with the Class Action and Multi-Party Claim Waiver. The arbitrator will be selected under the administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge unless the parties agree otherwise.

**3. NON-WAIVER.** Even if all parties have opted to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any Claim later asserted by a party in that or any related or unrelated lawsuit (including a Claim initially asserted on an individual basis but modified to be asserted on a class, representative or multi-party basis). Nothing in that litigation shall constitute a waiver of any rights under this Arbitration Provision. For example, if we file a lawsuit against you in court to recover amounts due under the Agreement, you have the right to request arbitration, but if you do not elect to request arbitration, we reserve and do not waive the right to request arbitration of any Claim (including any counterclaim) you later assert against us in that or any related or unrelated lawsuit. This Arbitration Provision will apply to all Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.

**4. LOCATION AND COSTS.** The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Claim based on the papers submitted by the parties and/or through a telephone hearing. However, any arbitration hearing that you attend will take place in a location that is reasonably convenient for you. We will consider any good faith request you make for us to pay the administrator's or arbitrator's filing, administrative, hearing and/or other fees if you cannot obtain a waiver of such fees from the administrator and we will not seek or accept reimbursement of any such fees we agree to pay. We will also pay any fees or expenses we are required by law to pay or that we must pay in order for this Arbitration Provision to be enforced. We will pay the reasonable fees and costs you incur for your attorneys, experts and witnesses if you are the prevailing party in an arbitration Proceeding or if we are required to pay such amounts by applicable law or by the administrator's rules. The arbitrator shall not limit the attorneys' fees and costs to which you are entitled because your Claim is for a small amount. Notwithstanding any language in this Arbitration Provision to the contrary, if the arbitrator finds that any Claim or defense is frivolous or asserted for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the arbitrator may award attorneys' and other fees related to such Claim or defense to the injured party so long as such power does not impair the enforceability of this Arbitration Provision.

**5. NO CLASS ACTIONS OR SIMILAR PROCEEDINGS; JURY TRIAL WAIVER; SPECIAL FEATURES OF ARBITRATION. IF YOU OR WE ELECT TO ARBITRATE A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR A JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; (D) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (E) JOIN OR CONSOLIDATE CLAIM(S) INVOLVING YOU WITH CLAIMS INVOLVING ANY OTHER PERSON. THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.**

Unless consented to in writing by all parties to the arbitration, an award in arbitration shall determine the rights and obligations of the named parties only, and only with respect to the Claim(s), in arbitration, and shall not (i) determine the rights, obligations, or interests of anyone other than a named party, or resolve any Claim of anyone other than a named party; nor (ii) make an award for the benefit of, or against, anyone other than a named party. No arbitration administrator or arbitrator shall have the power or authority to waive, modify, or fail to enforce this section, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable. Any challenge to the validity of this section shall be determined exclusively by a court and not by the administrator or any arbitrator.

**6. GETTING INFORMATION.** In addition to the parties' rights under the administrator's rules to obtain information prior to the hearing, either party may ask the arbitrator for more information from the other party. The arbitrator will decide the issue in his or her sole discretion, after allowing the other party the opportunity to object.

**7. SPECIAL PAYMENT.** If (a) you submit a Claim Notice in an arbitration Proceeding on your own behalf (and not on behalf of any other party) and comply with all of the requirements (including timing and confidentiality requirements) of the Pre-Dispute Resolution Procedure; (b) we refuse to provide you with the money damages you request before an arbitrator is appointed; and (c) the arbitrator issues you an award that is greater than the latest money damages you requested at least ten days before the date the arbitrator was selected, then we will pay you the amount of the award or $10,000 ("the alternative payment"), whichever is greater, in addition to the attorneys' fees and expenses (including expert witness fees and costs) to which you are otherwise entitled. We encourage you to

address all Claims you have in a single Claim Notice and/or a single arbitration. Accordingly, this $10,000 minimum award is a single award that applies to all Claims you have asserted or could have asserted in the arbitration, and multiple awards of $10,000 are not contemplated by this Section 7.

**8. EFFECT OF ARBITRATION AWARD.** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* (the "FAA"); and (2) Claims involving more than $50,000 (including Claims that may reasonably require injunctive relief costing more than $50,000). For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the administrator, which will reconsider anew any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Costs in connection with any such appeal will be borne in accordance with Section 4 of this Arbitration Provision.

**9. GOVERNING LAW.** This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not Federal or state rules of civil procedure or evidence or any state laws that pertain specifically to arbitration. To the extent that state law bears on the enforceability of this Arbitration Provision, Kansas law shall govern. The arbitrator is bound by the terms of this Arbitration Provision. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies available in an individual lawsuit under applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. The arbitrator shall issue a reasoned written decision sufficient to explain the essential findings and conclusions on which the award is based.

**10. SURVIVAL, PRIMACY; SEVERABILITY.** This Arbitration Provision shall survive the full payment of any amounts due under this Agreement; any rescission or cancellation of this Agreement; any exercise of a self-help remedy; our sale or transfer of this Agreement or our rights under this Agreement; any legal proceeding by us to collect a debt owed by you; and your (or our) bankruptcy. In the event of any conflict or inconsistency between this Arbitration Provision and the administrator's rules or the rest of this Agreement, this Arbitration Provision will govern. If any part of this Arbitration Provision cannot be enforced, the rest of this Arbitration Provision will continue to apply; provided, however, that:

(A)   If Section 5(C), (D) and/or (E) is declared invalid in a proceeding between you and us, without in any way impairing the right to appeal such decision, this entire Arbitration Provision (other than this sentence) shall be null and void in such proceeding.

(B)   If a Claim is brought seeking public injunctive relief and a court determines that the restrictions in Section 5 prohibiting the arbitrator from awarding relief on behalf of third parties are unenforceable with respect to such Claim (and that determination becomes final after all appeals have been exhausted), the Claim for public injunctive relief will be determined in court and any individual Claims seeking monetary relief will be arbitrated. In such a case the parties will request that the court stay the Claim for public injunctive relief until the arbitration award pertaining to individual relief has been entered in court. In no event will a Claim for public injunctive relief be arbitrated.

## JURY TRIAL WAIVER

**YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT, BUT THAT IT MAY BE WAIVED UNDER CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND WE, AFTER HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, KNOWINGLY AND VOLUNTARILY, AND FOR THE MUTUAL BENEFIT OF ALL PARTIES, WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS AGREEMENT THAT IS NOT RESOLVED BY ARBITRATION. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION ANY SEPARATE ARBITRATION PROVISION BETWEEN YOU AND US, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

**Statement about Your Loan:**

- You are strongly encouraged to pay your principal balance as soon as possible to avoid continuing finance charges.
- Consider other credit products and options for long term needs.
- This is a high interest loan.

By signing below you: (1) acknowledge that you have read and received an exact copy of this Agreement and all other documents you signed, (2) acknowledge receipt of the pamphlet required by 815 ILCS § 122/2-20(a), (3) acknowledge that there were no blank spaces in this Agreement when you signed it, and (4) agree to all terms of this Agreement including those under the "Agreements for Resolving Disputes" caption above, including the Arbitration Agreement.

**WARNING: This loan is not intended to meet long-term financial needs. This loan should be used only to meet short-term cash needs. The cost of your loan may be higher than loans offered by other lending institutions. This loan is regulated by the Department of Financial Institutions and Professional Regulation.**

**You cannot be prosecuted in criminal court to collect this loan.**

| _[signature]_ | 07 Feb 2019 | By DON GAYHARDT | 07 Feb 2019 |
|---|---|---|---|
| Borrower Signature | Date | Store Teller | Date |
| | | Speedy Cash Illinois, Inc. | |